[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Robert Miller, has moved to dismiss the court's previous order of February 20, 1996 (Stodolink, J.) entering a default judgment against him and granting the plaintiff, Carol Brooks' application for a writ of mandamus.
On March 30, 1994, the Probate Court for the District of Brookfield (Reinen, J.), entered an order establishing the defendant Miller as guardian of Matthew Brooks, the minor son of the plaintiff. The court also entered orders establishing visitation rights. Subsequently, on July 19, 1995, the plaintiff requested the court to hold a new hearing on custody and visitation. The court consented and on August 17, 1995 issued an "Order of Notice and Hearing on Plaintiff's Request for Clarification and Review of Custody and Visitation." The hearing was to be held on August 29, 1995, however, Miller did not appear. In September, after the hearing was to have been held, Miller informed the court, by mail, that he and the child were now residing in Massachusetts.
On December 7, 1995, the plaintiff applied for a writ of mandamus:
 1. Ordering the Defendant, JEFFREY W. REINEN, Judge of Probate, to notice a hearing on the merits of the Plaintiff's Request for Clarification and Review of her visitation orders.
 2. Ordering the Defendant, ROBERT M. MILER, to appear at the date and time of the hearing CT Page 5578-YY noticed by the Defendant, JEFFREY W. REINEN, Judge of Probate, and to comply with any orders entered by Judge Reinen at that hearing.
On February 20, 1996, the Superior Court for the District of Danbury (Stodolink, J.) held a hearing on the plaintiff's application for a writ of mandamus. The defendant Miller did not appear and was defaulted. The court then granted the application for the writ as it pertained to Judge Reinen only. Although Judge Reinen did not personally appear, the plaintiff's counsel represented that the Judge had consented to the application. Two months later, the defendant Miller moved to dismiss the default and writ of mandamus. The defendant Miller's motion to dismiss is the only aspect of this case pending before this court.
Miller raises both personal and subject matter jurisdiction in his motion. The only issue discussed in the accompanying memorandum of law, however, is: "Does Connecticut have jurisdiction of the issues of custody and visitation of a minor child who resides outside the State of Connecticut?" The defendant Miller bases his argument on General Statutes § 46b-93, which sets forth the Superior Court's jurisdiction "to make a child custody determination by initial or modification decree. . . ." The only case or controversy in this action to come before Superior Court is the plaintiff's application for a writ of mandamus.
A writ of mandamus is proper "only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no specific adequate remedy." Bahramian v. Papandrea, 184 Conn. 1, 3,440 A.2d 777 (1981). Superior Court "has subject matter jurisdiction to decide cases in which mandamus is the requested relief." Allen v.Commissioner of Corrections, 8 Conn. L. Rptr. 478, 480 (April 12, 1993, Hodgson, J.).
In essence, the defendant Miller's assertion appears to be that the writ should be dismissed because no court in Connecticut has subject matter jurisdiction over the custody and visitation question. This argument is similar to that made in Bernstein v. Stamford Board ofFinance, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV90 111043 S (Jan. 2, 1991, Lewis, J.).
In Bernstein, the plaintiffs sought a writ of mandamus directing the defendants, the Stamford Board of Finance and its Commissioner, to award them certain pay increases as approved by the city's Personnel Appeals Board. The defendants moved to dismiss on the grounds that the CT Page 5578-ZZ Personnel Appeals Board lacked jurisdiction to award pay increases to the four plaintiffs. Id. In Bernstein, as here, the defendant argued that the powers of the party to whom the writ was directed implicated the subjectmatter jurisdiction of the court issuing the writ. The court rejected the defendants' argument observing:
 A motion to dismiss based on lack of subject matter jurisdiction, Practice Book 143(1), can be granted only if this court lacks ". . . competence to entertain the action before it." Monroe v. Monroe, 177 Conn. 173, 185, 413 A.2d 819 (1979).
 An action of mandamus is within the jurisdiction of the Superior Court and therefore this court does not lack subject matter jurisdiction.
Id. While the defendant Miller raises the competency of the court to hear custody matters, the only action to come before this court is the writ of mandamus, over which the court clearly had jurisdiction.
As to the assertion that the court lacked personal jurisdiction, General Statutes § 52-61 provides that process may be served upon the Probate Court Judge as agent for a nonresident guardian.[1] Process was properly served as required under the provisions of General Statutes § 52-61.
The motion is denied.
Mihalakos, J.